IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | | |
|---|---|---|
| PAUL LINDSEY GRAY, JR. | * | |
| Plaintiff, | * | |
| v. | * | 2:10-CV-172-TMH |
| | | (WO) |
| WARDEN (FOX), *et al.*, | * | |
| Defendants. | * | |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Plaintiff, a state inmate, challenges the mail policy to which he was subjected during his incarceration at the Elmore County Jail.[1] Plaintiff seeks injunctive relief and monetary damages for the alleged violations of his constitutional rights.[2]

Defendants filed a special report, answer, and supporting evidentiary materials addressing Plaintiff' claims for relief. In these documents, Defendants assert Plaintiff failed to exhaust an administrative remedy available to him while incarcerated at the Elmore County Jail. Pursuant to the orders entered in this case and governing case law,

---

[1] During the pendency of this action Plaintiff was transferred to the custody of the Alabama Department of Corrections.

[2] Although Defendants maintain that Plaintiff requests only injunctive relief, the court notes that in an amended complaint filed on March 9, 2010, Plaintiff requests "financial funds" for doctor bills incurred due to his mental anguish and depression resulting from Defendants' actions as well as "any other remedies for relief caused by this particular situation." (*See Doc. No. 8 at pg. 12*.)

the court deems it appropriate to treat Defendants' report as a motion for summary judgment (*Doc. No. 40*). *See Bryant v. Rich*, 530 F.3d 1368, 1375 (11th Cir. 2008) (Although an exhaustion defense "is not ordinarily the proper subject for a summary judgment[,]" the defense is appropriate for summary judgment when the evidence demonstrates administrative remedies "are absolutely time barred or otherwise clearly infeasible."). Thus, this case is now pending on Defendants' motion for summary judgment. Upon consideration of this motion and the evidentiary materials filed in support thereof, the court concludes that Defendants' motion for summary judgment is due to be granted.

## I.  STANDARD OF REVIEW

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (*per curiam*) (citation omitted); Fed.R.Civ.P. Rule 56(c) (Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.").[3] The party moving for summary judgment

---

[3] Effective December 1, 2007, "[t]he language of Rule 56 [was] amended ... to make the rule[] more easily understood and to make style and terminology consistent throughout the rules. These changes ... are stylistic only." Fed.R.Civ.P. 56 Advisory Committee Notes. Thus, although Rule 56 underwent stylistic changes, its substance remains the same and, therefore, all cases citing the prior rule remain equally applicable

"always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant may meet this burden by presenting evidence which would be admissible at trial indicating there is no dispute of material fact or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-324.

Defendants have met their evidentiary burden and demonstrated the absence of a genuine issue of material fact with respect to Plaintiff's failure to exhaust administrative remedies. Thus, the burden shifts to Plaintiff to establish, with appropriate evidence beyond the pleadings, that a genuine issue material to his case exists. *Clark v. Coats and Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Celotex*, 477 U.S. at 324; Fed.R.Civ.P. 56(e)(2) ("When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must ... set out specific facts showing a genuine issue for trial."). A genuine issue of material fact exists when the nonmoving party produces evidence that would allow a reasonable fact-finder to return a verdict in its favor. *Greenberg*, 498 F.3d at 1263.

To survive Defendants' properly supported motion for summary judgment, Plaintiff

---

to the current rule.

3

is required to produce "sufficient [favorable] evidence" establishing proper exhaustion of administrative remedies. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). "If the evidence [on which the nonmoving party relies] is merely colorable ... or is not significantly probative ... summary judgment may be granted." *Id*. at 249-250. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the [trier of fact] could reasonably find for that party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986)." *Walker v. Darby*, 911 F.2d 1573, 1576-1577 (11th Cir. 1990). Conclusory allegations based on subjective beliefs are likewise insufficient to create a genuine issue of material fact and, therefore, do not suffice to oppose a motion for summary judgment. *Waddell v. Valley Forge Medical Associates, Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001); *Holifield v. Reno*, 115 F.3d 1555, 1564 n.6 (11th Cir. 1997) (plaintiff's "conclusory assertions ..., in the absence of [admissible] supporting evidence, are insufficient to withstand summary judgment."); *Harris v. Ostrout*, 65 F.3d 912, 916 (11th Cir. 1995) (grant of summary judgment appropriate where inmate produces nothing beyond "his own conclusory allegations...."); *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984) ("mere verification of party's own conclusory allegations is not sufficient to oppose summary judgment...."). Hence, when a plaintiff fails to set forth specific facts supported by appropriate evidence sufficient to establish the existence of an element essential to his case and on which the plaintiff will bear the burden of proof at trial, summary judgment is due

to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322 ("[F]ailure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."); *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607, 609 (11th Cir. 1987) (if on any part of the prima facie case the plaintiff presents insufficient evidence to require submission of the case to the trier of fact, granting of summary judgment is appropriate).

For summary judgment purposes, only disputes involving material facts are relevant. *United States v. One Piece of Real Property Located at 5800 SW 74th Avenue, Miami, Florida*, 363 F.3d 1099, 1101 (11th Cir. 2004). What is material is determined by the substantive law applicable to the case. *Anderson*, 477 U.S. at 248; *Lofton v. Secretary of the Department of Children and Family Services*, 358 F.3d 804, 809 (11th Cir. 2004) ("Only factual disputes that are material under the substantive law governing the case will preclude entry of summary judgment."). "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003) (citation omitted). To demonstrate a genuine issue of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts.... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In

cases where the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates that there is no genuine issue of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex*, 477 U.S. at 323-324 (summary judgment appropriate where pleadings, evidentiary materials and affidavits before the court show there is no genuine issue as to a requisite material fact); *Waddell*, 276 F.3d at 1279 (to establish a genuine issue of material fact, the nonmoving party must produce evidence such that a reasonable trier of fact could return a verdict in his favor).

Although factual inferences must be viewed in a light most favorable to the nonmoving party and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing by sufficient evidence a genuine issue of material fact. *Beard v. Banks*, 548 U.S. 521, 529-530 (2006); *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). Thus, Plaintiff's *pro se* status alone does not mandate this court's disregard of elementary principles of production and proof in a civil case. In this case, Plaintiff fails to demonstrate a requisite genuine issue of material fact in order to preclude summary judgment based on his failure to exhaust a previously available administrative remedy. *Matsushita*, *supra*.

## II. DISCUSSION

Plaintiff challenges the mail policy to which he was subjected during his confinement at the Elmore County Jail between December 20, 2009 and March 15, 2010.

(*Doc. No. 39, Exh. A*.)   In response to the complaint, Defendants maintain this case is subject to dismissal because Plaintiff failed to exhaust the administrative remedy provided at the Elmore County Jail prior to filing this complaint as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).

The Prison Litigation Reform Act compels exhaustion of available administrative remedies before a prisoner can seek relief in federal court on a § 1983 complaint. Specifically, 42 U.S.C. § 1997e(a) states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  "Congress has provided in § 1997(e)(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative remedies."  *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001).  "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."   *Porter v. Nussle*, 534 U.S. 516, 532 (2002).   Exhaustion of all available administrative remedies is a precondition to litigation and a federal court cannot waive the exhaustion requirement.  *Booth*, 532 U.S. at 741; *Alexander v. Hawk*, 159 F.3d 1321, 1325 (11th Cir. 1998); *Woodford v. Ngo*, 548 U.S. 81 (2006).  Moreover, "the PLRA exhaustion requirement requires ***proper exhaustion***."  *Id*. at 93 (emphasis added). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules [as a

7

precondition to filing suit in federal court] because no adjudicative system can function effectively without imposing some orderly structure on the courts of its proceedings.... Construing § 1997e(a) to require proper exhaustion ... fits with the general scheme of the PLRA, whereas [a contrary] interpretation [allowing an inmate to bring suit in federal court once administrative remedies are no longer available] would turn that provision into a largely useless appendage." *Id*. at 90-91. The Court reasoned that because proper exhaustion of administrative remedies is necessary an inmate cannot "satisfy the Prison Litigation Reform Act's exhaustion requirement ... by filing an untimely or otherwise procedurally defective administrative grievance or appeal[,]" or by effectively bypassing the administrative process simply by waiting until the grievance procedure is no longer available to her. *Id*. at 83-84; *Johnson v. Meadows*, 418 F.3d 1152, 1157 (11th Cir. 2005) (inmate who files an untimely grievance or simply spurns the administrative process until it is no longer available fails to satisfy the exhaustion requirement of the PLRA).

The record in this case establishes that the Elmore County Jail provides a grievance procedure for inmate complaints. (*Doc. No. 39, Exhs. A, F, G*.)   This administrative remedy is available to all Elmore County Jail inmates including Plaintiff at the time of his incarceration there. (*Id*. *Exhs. A, G*.)   Defendants assert that Plaintiff failed to exhaust his administrative remedies with respect to his claim against them concerning the mail policy at the jail. To support this assertion, Defendants have offered a declaration and other record evidence which makes it clear that Plaintiff failed to appeal his claim of unconstitutional mail

policies at the county jail through the Sheriff's level in satisfaction of the exhaustion requirement. (*Id. at Exhs. A, F, G*.)

The court has thoroughly reviewed the evidentiary materials filed by Defendants. These materials demonstrate that Plaintiff failed to properly exhaust the grievance procedure provided to him during his incarceration in the Elmore County Jail. The records before the court indicate Plaintiff may have initiated the administrative grievance process, but he has provided nothing to refute or explain Defendants' evidence showing he failed to pursue his grievance through to exhaustion. The undersigned finds there is no dispute of material fact that Plaintiff failed to exhaust his administrative remedies with respect to his claim of unconstitutional mail policies against Defendants. *See Bock*, 549 U.S. at 218 ("The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.").

On June 30, 2010 the court entered an order allowing Plaintiff the opportunity to respond to the arguments made by Defendants in their special report. (*Doc. No. 40*.) Plaintiff has filed nothing in response to this order. The court, therefore, concludes that the claims presented in this cause of action are subject to dismissal as Plaintiff failed to properly exhaust an administrative remedy available to him which is a precondition to proceeding in this court on his claims. *Woodford*, 548 U.S. at 87-94.

9

Plaintiff is not presently confined in the Elmore County Jail.[4]  Thus, the administrative remedy provided by Defendants is no longer available to Plaintiff.  Under such circumstances, dismissal with prejudice is appropriate.  *Bryant*, 530 F.3d at 1375 n.1; *Johnson*, 418 F.3d at 1157; *Marsh v. Jones*, 53 F.3d 707, 710 (5th Cir. 1995) ("Without the prospect of a dismissal with prejudice, a prisoner could evade the exhaustion requirement by filing no administrative grievance or by intentionally filing an untimely one, thereby foreclosing administrative remedies and gaining access to a federal forum without exhausting administrative remedies."); *Berry v. Keirk*, 366 F.3d 85, 88 (2nd Cir. 2004) (footnotes omitted) (Inmate's "federal lawsuits ... properly dismissed with prejudice" where previously available administrative remedies had become unavailable and no circumstances justified the failure to exhaust.).

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Defendants' motion for summary judgment (*Doc. No. 39*) be GRANTED to the extent Defendants seek dismissal of this case due to Plaintiff's failure to properly exhaust an administrative remedy previously available to him at the Elmore County Jail; and

2. This case be DISMISSED with prejudice in accordance with the provisions of 42 U.S.C. § 1997e(a) for Plaintiff's failure to exhaust an administrative remedy available to him during his confinement in the Elmore County Jail.

---

[4] Plaintiff is now incarcerated in the Alabama prison system.

It is further

ORDERED that on or before **September 7, 2010** the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 25th day of August 2010.

                                           /s/ Wallace Capel, Jr.
                                           WALLACE CAPEL, JR.
                                           UNITED STATES MAGISTRATE JUDGE